UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADRIAN VICENTE and VICTORIAH ARSENIAN, HUSBAND AND WIFE,

Plaintiffs,

v.

SGN ACQUISITION COMPANY LLC and ANTHONY MISNER,

Defendants.

CASE NO. C13-529RSM

ORDER OF REMAND

Plaintiffs Adrian Vicente and Victoriah Arsenian filed this action for anticipatory breach of contract and other state law causes of action, all arising from Mr. Vicente's former employment with Defendants SGN Acquisition Company LLC and Anthony Misner. The matter is now before the Court for consideration of a Notice of Removal filed by Defendants. Dkt. # 1. This action was filed in King County Superior Court on or about March 12, 2013, and Defendant timely removed it to this Court on March 22, 2013. Having *sua sponte* considered the Notice of Removal and the complaint filed in state court, the Court has determined that the Notice of Removal is defective and does not state a basis for

ORDER OF REMAND - 1

this Court's jurisdiction.

## LEGAL STANDARD AND ANALYSIS

Defendants removed this action from state court pursuant to 28 U.S.C. § 1441(b) and § 1446, invoking this Court's jurisdiction on diversity grounds under 28 U.S.C. § 1332. This section creates federal jurisdiction over state law causes of action when the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The complaint here does not allege any specific amount in damages. Defendants acknowledge this but assert in the Notice of Removal that counsel "has a reasonable good faith belief that Plaintiffs are seeking damages in excess of the jurisdictional amount of this Court, $75,000.. . . " Notice of Removal, Dkt. # 1, p. 3. Defendants note that plaintiff Vicente, who was paid on a commission basis, is requesting lost compensation and other benefits, and disgorgement of profits. *Id.* However, nowhere have Defendants stated any facts as to what those amounts of lost compensation and other losses might be, and in the absence of such facts the Court cannot speculate or assume that damages exceed the jurisdictional prerequisite.

The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc*., 167 F.3d 1261, 1265 (9th Cir.1999). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir.1992). This Court must *sua sponte* review all removed actions to confirm that federal jurisdiction is proper. *Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc*., 159 F.3d 1209, 1211 (9th Cir.1998) ("If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it...."). A court may raise the question of subject matter jurisdiction *sua sponte* at any time. *Snell v. Cleveland, Inc.,* 316 F. 3d 822, 826 (9th Cir. 2002); *citing* Fed.R.Civ.Proc. 12(h)(3).

Where, as here, the complaint filed in state court does not specify damages, "it is not facially evident from the complaint that more than $75,000 is in controversy, [and] the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir.2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir.2004). "In a removed case, . . . the plaintiff

ORDER OF REMAND - 2

chose a state rather than federal forum.  Because the plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court[.]'" *Singer v. State Farm Mutual Auto. Ins. Co*., 116 F. 3d 373, 375 (9th Cir. 1997) (*quoting St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 290 (1938).   Accordingly, the removing defendant must set forth "in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992)*; see also Wilson v. Union Security Life Ins. Co.*, 250 F.Supp.2d 1260, 1261-63 (D.Idaho 2003). In addition to the removal petition, the Court may consider "summary judgment type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations.  *Valdez v. Allstate Insurance Co*., 372 F. 3d 1115, 1117 (9th Cir. 2004).

      Defendants here have failed to make the requisite showing of facts which demonstrate by a preponderance of the evidence that the Plaintiff seeks damages in excess of $75,000. The statement that counsel has a "reasonable good faith belief" that damages exceed  $75,000 is opinion, not probative evidence. Defendant has thus offered no facts whatsoever to support the Court's exercise of jurisdiction. *Gaus*, 980 F.2d at 567. The mere allegation that the jurisdictional minimum has been met "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [Defendant's] burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $[75,000]." *Id*.; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 n. 5 (9th Cir.1996).

      "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*.; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990).   Defendant has not overcome this presumption or met this burden by a preponderance of the evidence. Any doubt must be resolved in favor of remand.   *Gaus v. Miles, Inc*., 980 F.2d at 566.

ORDER OF REMAND - 3

Accordingly, this case is hereby REMANDED to the King County Superior Court, Cause No. 13-2-07956 - 9 SEA. The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the King County Superior Court.

Dated this 5th day of April 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF REMAND - 4